**Whitney B. Stark**, OSB No. 090350
whitney@albiesstark.com
**Talia Y. Guerriero**, OSB No. 115271
talia@albiesstark.com
ALBIES, STARK & GUERRIERO
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Tel:: 503.308.4770
Fax: 503.427.9292

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WILL WITT**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**HASSLE-FREE SERVICES, INC. d.b.a. WARRENTON KIA**, an Oregon Domestic Business Corporation,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Sex Discrimination – Title VII & ORS 659A.030(1)(a)-(b); Retaliation – Title VII & ORS 659A.030(1)(f); Unlawful Medical Inquiry – ORS 659A.136; and Whistleblower Retaliation – ORS 659A.199<br><br>**DEMAND FOR JURY TRIAL** |

1.

Plaintiff Will Witt ("Witt" or "Plaintiff"), through his counsel, makes the following complaint against Defendants alleging as follows:

/ / /

/ / /

PAGE 1 – COMPLAINT

## PARTIES & VENUE

2.

Plaintiff is an individual who resides in Clatsop County, Oregon and is a citizen of the State of Oregon.

3.

Defendant Hassle-Free Services Inc. d.b.a. Warrenton Kia, ("Defendant" or "Warrenton Kia") is an Oregon domestic corporation with its principal place of business in Warrenton, Oregon.

4.

On information and belief, Defendant Warrenton Kia was at all relevant times a company with 25 or more employees in Oregon.

5.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 29 U.S.C. § 2615 and 42 U.S.C. §§ 12112 and 12203. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

6.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon, Portland Division.

7.

Plaintiff filed timely claims with the Equal Employment Opportunity Commission raising the issues alleged herein. Plaintiff has closed the administrative matters and been or will be

PAGE 2 – COMPLAINT

issued a notice of right to sue from the EEOC and has timely filed this matter within the time limits of the right to sue. Plaintiff has therefore exhausted administrative remedies.

### FACTUAL ALLEGATIONS

8.

On or around February 24, 2021, Defendant hired Plaintiff as a Salesperson to work approximately 45 hours per week at a rate of commission or minimum wage, whichever was higher each pay period.

9.

Plaintiff identifies as a gay male. He is open about his identity. On information and belief, many of Plaintiff's managers, including Roxanne Williams, Jim Morinville, and Alessia Granziero, knew he was gay when he initially started working because he was open about his identity.

10.

Defendant's co-owners, Roxanne Williams and Jim Morinville, employ several of their own family members, including Alessia Granziero, General Sales Manager, Mauro Granziero, Sales Associate, and Nicholas Granziero, Lot Attendant.

11.

Almost immediately when Plaintiff started working for Defendant, Defendant's managers demonstrated an obvious bias against employees who are not heterosexual through unwelcome comments and behaviors as described below.

12.

For example, within the first two days of Plaintiff's employment, Plaintiff's manager at the time, Joe Last Name Unknown ("LNU"), told Plaintiff that while he appreciated him being

PAGE 3 – COMPLAINT

there, Plaintiff should remember the environment he is in and not act too flamboyant. Plaintiff understood this request to mean he acted in an outward manner that Joe perceived as gay. The comments made Plaintiff feel horrible and unwelcome.

13.

In addition, approximately mid-March of 2021, Defendant notified Plaintiff that Defendant's prior manager Rick Osmun would be returning to work at their location. Several of Defendant's employees, including Sarah Oxford and Lori Larson, told Plaintiff to not act gay in front of Osmun because he was 'super Christian,' which was shocking and offensive to Plaintiff.

14.

After Osmun started working for Defendant, Plaintiff was continuously warned by employees to avoid acting gay at work.

15.

Throughout late Spring of 2021, in or around April and May of 2021, the harassment increased and became even more severe. Multiple employees in Defendant's sales and service department called Plaintiff several extremely offensive and homophobic names, including fruit cake, fruit, cock sucker, fag, and faggot. As a result of the severe and pervasive harassment, Plaintiff's emotional health deteriorated.

16.

In addition, Nicholas Granziero, Lot Attendant, regularly approached Plaintiff and started conversations by saying things like 'I know you're gay' and 'don't take offense.'

17.

In order to avoid comments like this, Plaintiff felt pressured to hide his identity as a gay man and act "straight" around his managers and co-workers, which was inauthentic and cruel.

PAGE 4 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

18.

Defendant's managers and employees also made inappropriate and offensive comments about Plaintiff's personal life, including details about his romantic relationships and medical needs, which felt invasive to Plaintiff.

19.

For example, in or around March of 2021, Plaintiff requested a day off for scheduled surgery. Immediately after Plaintiff made this request, General Manager Alessia Granziero asked Plaintiff what he was having surgery for. Plaintiff felt this request invaded his privacy and he elected not to answer. Over the next few days, Plaintiff was regularly asked to disclose the nature of his surgery by both coworkers and managers without any legitimate basis. One of Plaintiff's managers asked if Plaintiff's boyfriend ripped his ass apart during sex and that's why he had to have surgery. Plaintiff felt pressured to tell his managers what his surgery was for, and eventually did. After he disclosed this important and private medical information, Plaintiff's managers did not maintain his confidentiality.

20.

General Manager Alessia Granziero also made offensive comments to many of Plaintiff's co-workers about him. For example, she told Bill Ring that Plaintiff was getting his butthole worked on. Mr. Ring also witnessed co-workers bring red steering wheel covers into the workplace and label them with offensive words relating to anal sex and hemorrhoid surgery.

21.

Throughout the end of April and early May 2021, Plaintiff experienced heightened harassing comments and behavior from Mauro Granziero, a Sales Associate and family member of Alessia Granizero.

ALBIES, STARK & GUERRIERO
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

22.

On or around April 18, 2021, Mauro Granziero approached Plaintiff and smacked his hands on Plaintiff's desk. He then grabbed Plaintiff's pen and yelled at Plaintiff, threatening him and throwing the pen, which hit Plaintiff's eye.

23.

On or around the same day, Plaintiff reported Mauro Granziero's discriminatory behavior to Defendant's Human Resources Director, Paul Mitchell. Plaintiff expressed his fear to Mitchell that Mauro Granziero was a family member of Defendant's owners and therefore any investigation into his behavior would be biased or unfair. Mitchell told Plaintiff he would not process his complaint or conduct an investigation, which made Plaintiff feel helpless and unsafe.

24.

After making this complaint to Human Resources, nothing changed. For example, in or around May 2021, Plaintiff was standing by the front of the dealership. Nicholas Granziero, a Sales Associate, approached Plaintiff and pointed across the street to a fruit stand, stating something to the effect of "your fruit stand is across the street you 'fag fruit.'"

25.

Plaintiff reported this behavior to Alessia Granziero, General Manager and Nicholas's older sibling. Alessia asked Plaintiff what he wanted her to do about it. Plaintiff interpreted this to mean that she did not take his complaints seriously, and that she would not conduct any follow up, which she did not.

26.

In addition to the above reports, Plaintiff made approximately five to ten complaints to management about his experience being targeted and harassed at work for his sexual orientation.

PAGE 6 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

Each time Plaintiff made a report of discrimination, Defendant's management refused to discipline the employee that made the harassing comment and to Plaintiff's knowledge did not take any steps in response. Management repeatedly told Plaintiff if there was a problem, he needed to solve it himself.

27.

In addition, Plaintiff's co-workers, including Dalton Clifton, brought complaints to General Manager Alessia Granziero about the treatment towards Plaintiff. Alessia Granziero disregarded these complaints and specifically told Mr. Clifton to focus on his sales.

28.

After Plaintiff reported the above incidents of discrimination, he noticed that his name was being removed from vehicle sales credits, ultimately impacting his compensation and commission.

29.

Plaintiff decided to make a report about this retaliation. On or around June 24, 2021, Plaintiff sent a group text to his managers to report that it was unfair that he was removed from car deals because he was not getting paid for his work. In response, Mauro Granziero texted the group that Plaintiff was a "big mouth."

30.

The next day, on or around June 25, 2021, Plaintiff and Mauro Granziero spoke, and Plaintiff told Mauro that his text message was inappropriate. In response, Mauro proceeded to stand up and yell that Plaintiff was the problem and asked him to go outside of the dealership. Several of Plaintiff's co-workers witnessed Mauro yelling at him.

///

PAGE 7 – COMPLAINT

ALBIES, STARK & GUERRIERO
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

31.

Once outside, Mauro continued yelling at Plaintiff, threatening that his daughter could fire Plaintiff for many reasons, including being "a queer." Osmun came outside to confront Mauro and Plaintiff. After that confrontation, Mauro sent Plaintiff home and terminated him.

32.

Plaintiff suffered several adverse employment actions, including the termination and removal from multiple vehicle sales, in retaliation for approaching management to report multiple instances of discrimination.

33.

After his termination, Plaintiff timely exhausted his administrative remedies.

## CLAIMS FOR RELIEF

### Count One
### Title VII – Sex Discrimination (Discrimination and Hostile Work Environment)

34.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

35.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

36.

Defendant's creation of, and/or failure to prevent, and/or take effective remedial action in response to, the sexually hostile work environment for Plaintiff constitutes unlawful sex discrimination in violation of Title VII.

ALBIES, STARK & GUERRIERO
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

37.

Defendant's removal of Plaintiff from vehicle sales credits, which negatively impacted his compensation, failure to investigate Plaintiff's complaints and continued harassment, and termination of Plaintiff, and other alleged conduct, constitutes unlawful sex discrimination in violation of Title VII.

38.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

39.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

40.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

41.

Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

/ / /

/ / /

/ / /

PAGE 9 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

## Count Two
**Sex and Sexual Orientation Discrimination (Discrimination and Hostile Work Environment) – ORS 659A.030**

42.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

43.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

44.

Defendant's creation of, and/or failure to prevent, and/or take effective remedial action in response to, the hostile work environment for Plaintiff constitutes unlawful sex and sexual orientation discrimination in violation of ORS 659A.030.

45.

Defendant's removal of Plaintiff from vehicle sales credits, which negatively impacted his compensation, failure to investigate Plaintiff's complaints and continued harassment, and termination of Plaintiff and other alleged conduct, constitutes unlawful sex and sexual orientation discrimination in violation of ORS 659A.030.

46.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

/ / /

/ / /

PAGE 10 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

47.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

48.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

49.

Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others. Defendant should be assessed punitive damages in an amount to be determined at trial.

### Count Three
### Title VII – Retaliation

50.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

51.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated Title VII.

52.

Defendant's removal of Plaintiff from vehicle sales credits, which negatively impacted his compensation, failure to investigate Plaintiff's complaints and continued harassment, and

PAGE 11 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

termination of Plaintiff, and other alleged conduct, was due to his reporting and/or opposition to unlawful employment practices violating Title VII.

53.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages, including lost and future wages, in an amount to be proven at trial.

54.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

55.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

56.

Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

### Count Four
### Retaliation - ORS 659A.030

57.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

/ / /

/ / /

PAGE 12 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

58.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

59.

Defendant's removal of Plaintiff from vehicle sales credits, which negatively impacted his compensation, failure to investigate Plaintiff's complaints and continued harassment, and termination of Plaintiff, and other alleged conduct, was motivated in substantial part due to his opposition to unlawful employment practices violating ORS 659A.030.

60.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages, including lost and future wages, in an amount to be proven at trial.

61.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

62.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer fear, stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

63.

Defendant acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety

///

PAGE 13 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

and welfare of others. Defendant should be assessed punitive damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

64.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

65.

WHEREFORE, Plaintiff requests the following judgments against and relief from Defendant:

(a) Economic damages in an amount to be proven at trial, including lost and future wages;

(b) Non-economic damages in an amount to be proven at trial;

(c) Reasonable costs and attorney fees pursuant to ORS 659A.885, ORS 20.107, and the above cited statutes;

(d) Equitable relief including an injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(e) Pre-judgment and post-judgment interest as appropriate and allowed by law;

(f) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame; and

/ / /

/ / /

/ / /

PAGE 14 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
ATTORNEYS AT LAW
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292

(g) All such other relief as this Court may deem proper.

RESPECTFULLY SUBMITTED AND DATED this 12th day of December, 2022.

        ALBIES, STARK & GUERRIERO

By: *s/ Whitney Stark*
    Whitney B. Stark, OSB No. 090350
    Talia Y. Guerriero, OSB No. 115271

*Of Attorneys for Plaintiff*

PAGE 15 – COMPLAINT

**ALBIES, STARK & GUERRIERO**
**ATTORNEYS AT LAW**
1 SW COLUMBIA ST. #1850, PORTLAND, OR 97204
TEL 503.308.4770 | FAX 503.427.9292